Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
Julie J. Bai (227047)
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

Norman Berman (Pro Hac Vice)
Leslie R. Stern (Pro Hac Vice)
Julie A. Richmond
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300
Facsimile:  (617) 542-1194

Counsel for Lead Plaintiff
Massachusetts Laborers' Pension Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br><br> MICROMUSE INC. SECURITIES LITIGATION <br><br><br> This document relates to ALL ACTIONS. | Case No. C-04-0136 SBA <br><br> **PRELIMINARY APPROVAL ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS** |

WHEREAS, the parties to the above-entitled action (the "Action") entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Action and dismissal of the

Action with prejudice; and the Court having read and considered the Stipulation, the proposed Notice of Proposed Settlement, Final Approval Hearing and Right to Share in Settlement Fund ("Settlement Notice") and Summary Notice for Publication ("Summary Notice"); and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of ____, 2005 that:

1. Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), this Action is hereby certified for purposes of the Settlement only as a class action on behalf of all persons and entities who purchased the common stock of Micromuse, Inc. ("Micromuse") during the time period between January 18, 2001 and May 17, 2004, inclusive. Excluded from the Class are the Defendants, former officers and directors of Micromuse, members of their immediate families, Micromuse, any entity in which Micromuse has or had a controlling interest and the legal affiliates, representatives, heirs, controlling persons, successors- and predecessors-in-interest or assigns of any excluded party.

2. The Court finds for purposes of Settlement only that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff Massachusetts Laborers' Pension Fund ("Mass Laborers" or "Lead Plaintiff") will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Fed. R. Civ. P. 23, Mass Laborers is certified as Class Representative for purposes of the Settlement only and the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo ("Lead Plaintiff's Counsel") is appointed class counsel.

4.      The Court preliminarily approves the Settlement Stipulation and settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

5.      A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on _____, 2005, at _____ for the following purposes:

(a)     to determine whether the proposed Settlement should be granted final approval as fair, reasonable and adequate;

(b)     to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice;

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement Fund is fair and reasonable, and should be approved by the Court;

(d)     to consider Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses; and

(e)     to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to approve the Stipulation of Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Final Judgment and Order of Dismissal ("Final Judgment") approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and reimbursement of expenses.

7.      The Court approves the form, substance and requirements of the Settlement Notice and the Proof of Claim and Release form ("Proof of Claim") annexed hereto as Exhibits 1 and 2 respectively.

8.      The Court approves the form of Summary Notice for Publication ("Summary Notice") of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Plaintiff's Counsel shall cause the Summary Notice to be published in *Investors' Business Daily* for one business day within ten (10)

days of the mailing of the Notice. Lead Plaintiff's Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Summary Notice.

9. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions constitute the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled thereto and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process.

10. Lead Plaintiff's Counsel is hereby authorized to retain the firm of A.B. Data Ltd. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims. The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _____, 2005, to all Class Members who can be identified with reasonable effort. To the extent possible, the Defendants shall cooperate in seeking that Micromuse's transfer records and shareholder information be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities that purchased the Micromuse stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) days of receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of

[C-04-0136 SBA] PRELIMINARY APPROVAL ORDER IN CONNECTION WITH
SETTLEMENT PROCEEDINGS                                                                                           4

proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Lead Plaintiff's Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Settlement Notice, postmarked not later than _____, 2005. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Plaintiff's Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

12. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to request exclusion shall mail the request in written form by first class mail postmarked no later than _____, 2005 to Claims Administrator, *In re Micromuse, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, Wisconsin, 53217-8041. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *In re Micromuse, Inc. Securities Litigation*, Case No. C-04-0136 SBA, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of Micromuse common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

14. If the Stipulation of Settlement is approved by the Court, upon the occurrence of the Effective Date all Class members, whether or not they have filed a Proof of Claim and Release form within the time provided, except those who have filed valid and timely requests for exclusion from the settlement, shall be barred and enjoined from asserting any of the Released Claims against the Release Persons, shall conclusively be deemed to have released any and all such Released Claims as against the Released Persons, and shall be subject to and bound by the provisions of the Stipulation and the Final Judgment.

15. The Court will consider oral or written objections to the fairness, reasonableness and adequacy of the Stipulation of Settlement, the Plan of Allocation, or the award of attorneys'

fees and reimbursement of expenses. Oral objections may be made at the hearing or written objections and any supporting papers may be filed with the Clerk of the Court, United States District Court for the Northern District of California, United States Courthouse, 3rd Floor, 1301 Clay Street, Oakland, California 94612. Copies of all written objections should be served, on or before _____, 2005, upon each of the following: (i) Joseph J. Tabacco, Jr., Christopher T. Heffelfinger, Berman DeValerio Pease Tabacco Burt & Pucillo, 425 California Street, Suite 2025, San Francisco, California 94104 on behalf of plaintiffs; and (ii) Dale Barnes, Bingham McCutchen LLP, Three Embarcadero Center, 18th Floor, San Francisco, CA 94111, on behalf of defendants. Attendance at the hearing is not necessary. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing are encouraged to include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16. Any Class member who does not either file a written objection or deliver an oral and/or written objection at the Final Approval Hearing, in regard to the Stipulation of Settlement, or to the entry of Final Judgment, or to the fee application, in the manner provided in the Settlement Notice, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

17. Pending final determination of whether the Stipulation of Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Person.

18. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

19. The Final Approval Hearing may, from time to time and without further notice to the Class, be continued by order of the Court.

20. Subject to Paragraph _____ of the Stipulation of Settlement, Plaintiff's Lead Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

21. If: (a) the Settlement is terminated by Defendants pursuant to paragraph _____ of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Lead Plaintiff's Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Lead Plaintiff's Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Lead Plaintiff's Counsel and Counsel for the Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Lead Plaintiff's Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the class and the class representatives and preliminarily approving the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement in accordance with § 8.15 of the Stipulation.

Dated: _____

_____
United States District Judge