# FILED

OCT  3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
2 | Julie J. Bai (227047)
**BERMAN DeVALERIO PEASE TABACCO**
3 | **BURT & PUCILLO**
425 California Street, Suite 2100
4 | San Francisco, CA  94104-2205
Telephone:  (415) 433-3200
5 | Facsimile:  (415) 433-6382

6 | Norman Berman (Pro Hac Vice)
Leslie R. Stern (Pro Hac Vice)
7 | Julie A. Richmond
**BERMAN DeVALERIO PEASE TABACCO**
8 | **BURT & PUCILLO**
One Liberty Square
9 | Boston, MA 02109
Telephone:  (617) 542-8300
10 | Facsimile:  (617) 542-1194

11 | Counsel for Lead Plaintiff
Massachusetts Laborers' Pension Fund



RECEIVED

SEP 3 0 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE:

MICROMUSE INC. SECURITIES
LITIGATION

This document relates to ALL
ACTIONS.

Case No. C-04-0136 BZ

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR
NOTICE**

WHEREAS, the parties to the above-entitled action (the "Action") entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Action and dismissal of the Action with prejudice; and the Court having read and considered the Stipulation, the Short Form

[C-04-0136 BZ] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

1 │ and Long Form of the Notice of Proposed Settlement of Class Action, Pendency of Class Action,

2 │ Settlement Fairness Hearing, Right to Share in Settlement Fund, And Hearing on Motion For

3 │ Attorneys' Fees ("Settlement Notices") and Summary Notice of Proposed Settlement of Class

4 │ Action, Pendency of Class Action, Settlement Fairness Hearing, Right to Share in Settlement

5 │ Fund, And Hearing on Motion For Attorneys' Fees ("Summary Notice"); and the parties to the

6 │ Stipulation having consented to the entry of this Order; and all capitalized terms used herein

7 │ having the meanings defined in the Stipulation;

8 │ NOW, THEREFORE, IT IS HEREBY ORDERED, this 3 day of Oct September. 2005 that:

9 │ 1. Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), for purposes of the Settlement only

10 │ this Action is hereby certified as a class action on behalf of all persons and entities who purchased

11 │ the common stock of Micromuse, Inc. ("Micromuse") during the time period from and including

12 │ January 18, 2001 through and including May 17, 2004. Excluded from the Class are the

13 │ Defendants, former officers and directors of Micromuse, members of their immediate families,

14 │ Micromuse, any entity in which Micromuse has or had a controlling interest and the legal

15 │ affiliates, representatives, heirs, controlling persons, successors- and predecessors-in-interest or

16 │ assigns of any excluded party. Also excluded from the Class are those persons who request

17 │ exclusion from the Class in response to the Notice of Proposed Settlement of Class Action sent to

18 │ the Class.

19 │ 2. The Court finds for purposes of the Settlement only that the prerequisites for a class

20 │ action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class

21 │ Members is so numerous that joinder of all members thereof is impracticable; (b) there are

22 │ questions of law and fact common to the Class; (c) the claims of the named representatives are

23 │ typical of the claims of the Class they seek to represent; (d) Lead Plaintiff Massachusetts

24 │ Laborers' Pension Fund ("Mass Laborers" or "Lead Plaintiff") will fairly and adequately represent

25 │ the interests of the Class; (e) the questions of law and fact common to the members of the Class

26 │ predominate over any questions affecting only individual members of the Class; and (f) a class

27 │ action is superior to other available methods for the fair and efficient adjudication of the

28 │

1    controversy.

2        3.      Pursuant to Fed. R. Civ. P. 23, for purposes of the Settlement only, Mass Laborers

3    is certified as Class Representative and the law firm of Berman DeValerio Pease Tabacco Burt &

4    Pucillo ("Lead Plaintiff's Counsel") is appointed class counsel.

5        4.      The Court preliminarily approves the Stipulation and Settlement set forth therein,

6    subject to further consideration at the Settlement Fairness Hearing described below.

7        5.      A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is

8    hereby scheduled to be held before the Court on December 7, 2005, at 1:30 p.m. at the United

9    States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate

10   Avenue, 15th Floor, Courtroom G, San Francisco, California 94102, for the following purposes:

11       (a)     to determine whether the proposed Settlement should be granted final approval as

12   fair, reasonable and adequate;

13       (b)     to determine whether the Final Judgment and Order of Dismissal ("Final

14   Judgment") as provided under the Stipulation should be entered, dismissing the Complaint filed

15   herein, on the merits and with prejudice;

16       (c)     to determine whether the proposed Plan of Allocation for the proceeds of the

17   Settlement Fund is fair and reasonable, and should be approved by the Court;

18       (d)     to consider Lead Plaintiff's Counsel's application for an award of attorneys' fees

19   and expenses; and

20       (e)     to rule upon such other matters as the Court may deem appropriate.

21       6.      The Court reserves the right to approve the Stipulation of Settlement with or

22   without modification and with or without further notice of any kind. The Court further reserves

23   the right to enter its Final Judgment approving the Stipulation and dismissing the Complaint on the

24   merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded

25   attorneys' fees and reimbursement of expenses.

26       7.      The Court approves the form, substance and requirements of the Short and Long

27   forms of Settlement Notices ("Short Form of Notice" and "Long  Form of Notice") and the Proof

28

1   of Claim and Release form ("Proof of Claim") annexed hereto as Exhibits 1, 2, and 3 respectively.

2   The Claims Administrator is to enclose the Short Form of Notice in any initial mailing to

3   investors. The Short Form of Notice shall provide a summary of the contents of the Long Form of

4   Notice and shall also include information directing potential claimants to a website maintained by

5   Micromuse where they can obtain both the Long Form of Notice, containing more detailed

6   information, and a Proof of Claim.

7        8.    The Court approves the form of Summary Notice in substantially the form and

8   content annexed hereto as Exhibit 4 and directs that Lead Plaintiff's Counsel shall cause the

9   Summary Notice to be published in *Investors' Business Daily* for one business day within ten (10)

10   days of the mailing of the Notice. Lead Plaintiff's Counsel shall, on or before November 15,

11   2005, file with the Court proof of publication of the Summary Notice.

12        9.    Lead Plaintiff's Counsel is hereby authorized to retain the firm of A.B. Data Ltd.

13   (the "Claims Administrator") to supervise and administer the notice procedure as well as the

14   processing of claims.   The Claims Administrator shall cause the Short Form of Notice,

15   substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, on or

16   before October 7, 2005, to all Class Members who can be identified with reasonable effort. To the

17   extent possible, the Defendants shall cooperate in ensuring that Micromuse's transfer records and

18   shareholder information be made available to the Claims Administrator for the purpose of

19   identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts

20   to give notice to nominee owners such as brokerage firms and other persons or entities that

21   purchased the Micromuse stock during the Class Period as record owners but not as beneficial

22   owners. Such nominee purchasers are directed, within ten (10) days of receipt of the Short Form

23   of Notice, to either forward copies of the Short Form of Notice to beneficial owners, or to provide

24   the Claims Administrator with lists of the names and addresses of the beneficial owners, and the

25   Claims Administrator is ordered to send the Short Form of Notice promptly to such beneficial

26   owners. Nominee purchasers who elect to send the Short Form of Notice to beneficial owners

27   shall send a statement to the Claims Administrator confirming that the mailing was made as

28

1  directed.  Additional copies of the Short Form of Notice shall be made available to any record

2  holder requesting such for the purpose of distribution to beneficial owners, and such record

3  holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims

4  Administrator of proper documentation, for the reasonable expense of sending the Short Form of

5  Notice to beneficial owners.  The Long Form of Notice and Proof of Claim shall be published

6  electronically  at  www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100;  and  at

7  www.micromuse.com, where investors can then click on "company" and then "investor relations."

8  Lead Plaintiff's Counsel shall cause to be filed with the Court no later than November 15, 2005

9  proof of mailing of the Short Form of Notice.

10        10.     The form and method set forth herein of notifying the Class of the Settlement and

11  its terms and conditions constitute the best notice practicable under the circumstances, constitute

12  due and sufficient notice to all persons and entities entitled thereto and meet the requirements of

13  Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act

14  of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of

15  1995, and due process.

16        11.     In order to be entitled to participate in the Net Settlement Fund, in the event the

17  Settlement is effected in accordance with all of the terms and conditions set forth in the

18  Stipulation, each Class Member shall take the following actions and be subject to the following

19  conditions:

20        (a)     A properly executed Proof of Claim, substantially in the form attached hereto as

21  Exhibit 3, must be submitted to the Claims Administrator, at the Post Office Box indicated in the

22  Settlement Notice, postmarked not later than January 9, 2006.  Such deadline may be further

23  extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when

24  postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such

25  Proof of Claim is actually received prior to the motion for an order of the Court approving

26  distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall

27  be deemed to have been submitted when it was actually received at the address designated in the

28

1    Settlement Notice.

2         (b)     The Proof of Claim submitted by each Class Member must satisfy the following

3    conditions: (i) it must be properly completed, signed and submitted in a timely manner in

4    accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

5    adequate supporting documentation for the transactions reported therein, in the form of broker

6    confirmation slips, broker account statements, an authorized statement from the broker containing

7    the transactional information found in a broker confirmation slip, or such other documentation as

8    is deemed adequate by Lead Plaintiff's Counsel; (iii) if the person executing the Proof of Claim is

9    acting in a representative capacity, a certification of his current authority to act on behalf of the

10   Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be

11   complete and contain no material deletions or modifications of any of the printed matter contained

12   therein and must be signed under penalty of perjury.

13        (c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction

14   of the Court with respect to the claim submitted, and shall (subject to effectuation of the

15   Settlement) release all claims as provided in the Stipulation.

16        12.     Class Members shall be bound by all determinations and judgments in this Action,

17   whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely

18   and proper manner, as hereinafter provided.  A Class Member wishing to request exclusion shall

19   mail the request in written form by first class mail postmarked no later than November 15, 2005 to

20   Claims Administrator, *In re Micromuse, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box

21   170500, Milwaukee, Wisconsin, 53217-8041.  Such request for exclusion shall clearly indicate the

22   name, address and telephone number of the person seeking exclusion, that the sender requests to

23   be excluded from the Class in *In re Micromuse, Inc. Securities Litigation*, Case No. C-04-0136

24   BZ, and must be signed by such person.  Such persons requesting exclusion are also directed to

25   state: the date(s), price(s), and number(s) of shares of all purchases and sales of Micromuse

26   common stock during the Class Period.  The request for exclusion shall not be effective unless it

27   provides the required information and is made within the time stated above, or the exclusion is

28

1    otherwise accepted by the Court.

2         13.    Class Members requesting exclusion from the Class shall not be entitled to receive

3    any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

4         14.    If the Stipulation of Settlement is approved by the Court, upon the occurrence of

5    the Effective Date, all Class members, whether or not they have filed a Proof of Claim and

6    Release form within the time provided, except those who have filed valid and timely requests for

7    exclusion from the settlement, shall be barred and enjoined from asserting any of the Released

8    Claims against the Released Persons, shall conclusively be deemed to have released any and all

9    such Released Claims as against the Released Persons, and shall be subject to and bound by the

10   provisions of the Stipulation and the Final Judgment.

11        15.    The Court will consider oral or written objections to the fairness, reasonableness

12   and adequacy of the Stipulation of Settlement, the Plan of Allocation, or the award of attorneys'

13   fees and reimbursement of expenses. Oral objections may be made at the hearing. Copies of all

14   written objections should be mailed and postmarked  on or before November 15, 2005, to the

15   Claims Administrator, *In re Micromuse, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box

16   170500, Milwaukee, Wisconsin, 53217-8041. Attendance at the hearing is not necessary. Persons

17   who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for

18   award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness

19   Hearing are encouraged to include in their written objections the identity of any witnesses they

20   may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness

21   Hearing. Class Members do not need to appear at the hearing or take any other action to indicate

22   their approval.

23        16.    Any Class Member who does not either file a written objection or deliver an oral

24   and/or written objection at the Settlement Fairness Hearing (as discussed in ¶5), in regard to the

25   Stipulation of Settlement, or to the entry of Final Judgment, or to the fee application, in the

26   manner provided in the Settlement Notices, shall be deemed to have waived any such objection by

27   appeal, collateral attack, or otherwise.

28

1    17.    Pending final determination of whether the Stipulation of Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Person.

18.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

19.    The Settlement Fairness Hearing may, from time to time and without further notice to the Class, be continued by order of the Court.

20.    Subject to Paragraph 2.8 of the Stipulation of Settlement, Plaintiff's Lead Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

21.    If: (a) the Settlement is terminated by Defendants pursuant to Paragraph 7.2 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Lead Plaintiff's Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Lead Plaintiff's Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Lead Plaintiff's Counsel and Counsel for the Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Lead Plaintiff's Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the class and the class representatives and preliminarily approving the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective

1  position as it existed prior to the execution of the Stipulation.

2       22.    The Court retains exclusive jurisdiction over the Action to consider all further

3  matters arising out of or connected with the Settlement in accordance with Paragraph 8.15 of the

4  Stipulation.

5  Dated: 3 Oct 05

6

7

8  The Honorable Bernard Zimmerman
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
Julie J. Bai (227047)
**BERMAN DeVALERIO PEASE TABACCO**
**BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Norman Berman (Pro Hac Vice)
Leslie R. Stern (Pro Hac Vice)
Julie A. Richmond
**BERMAN DeVALERIO PEASE TABACCO**
**BURT & PUCILLO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MICROMUSE INC. SECURITIES LITIGATION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>This document relates to ALL ACTIONS. | Case No. C-04-0136 BZ<br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, PENDENCY OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING, RIGHT TO SHARE IN SETTLEMENT FUND, AND HEARING ON MOTION FOR ATTORNEYS' FEES [SHORT FORM]**<br><br>Date: December 7, 2005<br>Time: 1:30 p.m.<br>Place: 15th Floor, Courtroom G<br>Magistrate Judge: Hon. Bernard Zimmerman |

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU PURCHASED THE COMMON STOCK OF MICROMUSE INC.**

**("MICROMUSE" OR "THE COMPANY") DURING THE TIME PERIOD FROM AND INCLUDING JANUARY 18, 2001 THROUGH AND INCLUDING MAY 17, 2004, YOU MAY BE ENTITLED TO A PAYMENT FROM A FEDERAL CLASS ACTION SETTLEMENT.**

- The Settlement will provide a $2.625 million settlement fund for the benefit of investors who purchased Micromuse common stock during the period from and including January 18, 2001, through and including May 17, 2004 (the "Class Period").

- The Settlement resolves a lawsuit alleging that Micromuse and certain of Micromuse's officers and directors misled investors about Micromuse's financial condition and future earnings.

- For purposes of the Settlement described in this Notice, the Court has certified this action to proceed as a class action.

- Your legal rights are affected whether you act, or do not act. Read this Notice carefully.

- The Court will hold a hearing on December 7, 2005, at 1:30 p.m., at the United States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, California 94102 to consider whether the Settlement of the Federal Class Action is fair, reasonable and adequate; whether the proposed Plan of Allocation should be approved; and whether an application for attorneys' fees and reimbursement of expenses should be approved (the "Settlement Fairness Hearing"). You may visit the websites indicated below under the section entitled "Further Information Available" to find out the disposition of the Court concerning these matters following the hearing on December 7, 2005.

This Notice is given pursuant to an Order of the United States District Court for the Northern District of California (the "Court"). The purpose of this Notice is to inform you of the proposed Settlement of this Action (the "Class Action"), and of the hearing to be held by the Court to consider: (1) the fairness, reasonableness, and adequacy of the Settlement; (2) determining whether the proposed Plan of Allocation of the Settlement should be approved; and (3) considering the applications for attorneys' fees and reimbursement of expenses. This Notice describes rights you may have under the proposed Settlement and what steps you may take in relation to the Class Action. This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this Action, or the fairness or adequacy of the proposed Settlement.

If you purchased the common stock of Micromuse during the time period from and

including January 18, 2001 through and including May 17, 2004 (the "Class Period"), you may object to the Settlement or any of its terms.   To object, you may   write to the Claims Administrator setting forth your objection or you may appear in Court at the hearing on December 7, 2005.  Further details regarding how and when to object are set forth below.  If you do not object to the Settlement, you will have waived any and all objections and shall forever be barred from making any objection to or otherwise challenging the Settlement or any other proceedings in the Action, including an appeal.

Concurrently with this Settlement, a Federal derivative action on behalf of Micromuse shareholders (the "Federal Derivative Action") is being settled as well.  The Federal Derivative Action, filed on March 4, 2004, alleges that the Individual Defendants, current or former officers and directors of Micromuse, owed a duty to Micromuse and its shareholders to be reasonably informed about the business and operations of the Company.  Plaintiff in the Federal Derivative Action further alleges that the Individual Defendants breached these duties by actively participating in, encouraging, sponsoring and/or approving of the wrongful acts or omissions complained of in the Complaint, or purposely or recklessly disregarding those wrongful acts or omissions.  Defendants, while continuing to deny all allegations of wrongdoing or liability, desire to settle and terminate the existing and potential claims against them, without in any way acknowledging any fault or liability.  The Settlement of this Action is conditioned upon, among other things, an Order finally approving the settlement of the Federal Derivative Action.

A separate Notice of Proposed Settlement of the Federal Derivative Action is included in this mailing.

## SUMMARY OF LITIGATION AND RELATED MATTERS

### 1.    THE LITIGATION

Lead Plaintiff, the Massachusetts Laborers' Pension Fund ("Lead Plaintiff"), alleged that defendants Micromuse and individual defendants (collectively "Defendants") issued materially false and misleading financial statements that artificially inflated the value of Micromuse stock throughout the Class Period by misstating earnings in order to meet Wall Street expectations. The complaint alleged that Defendants embarked on a fraudulent scheme to artificially inflate

the price of Micromuse common stock and to "smooth earnings" in order to meet Wall Street's earnings expectations at all costs. It alleged that certain accrued expenses were exaggerated, or "plugged", during prosperous years, such that Defendants were able to create "cookie jar" reserves to dip into during lean years. It further alleged that these actions violated the most basic principles of Generally Accepted Accounting Principles ("GAAP"), allowing Defendants to systematically manage the Company's earnings and mislead the investing public. Defendants, while continuing to deny all allegations of wrongdoing or liability, desire to settle and terminate the existing and potential claims against them, without in any way acknowledging any fault or liability.

## 2.    FURTHER INFORMATION AVAILABLE

For a more detailed statement of the matters involved in this Action, reference is made to the files in this Action, which may viewed online on the Stanford Securities Class Action Clearinghouse website at http://securities.stanford.edu/1029/MUSEE-01/, or by visiting the "Pacer" website for the United States District Court for the Northern District of California, at https://ecf.cand.uscourts.gov/cand/index.html. Alternatively, the files may be inspected in person at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, during regular business hours. A more detailed version of this Notice, including a Proof of Claim form and an explanation of the full scope of the release given to Defendants as part of this settlement, is also published on Micromuse's webpage at www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100, or by going directly to www.micromuse.com, clicking on "company" and then on "investor relations."

**Further information regarding the Action may be obtained by first contacting the Claims Administrator at:**

> **Claims Administrator**
> ***In re Micromuse, Inc. Securities Litigation***
> **c/o A.B. Data, Ltd.**
> **P.O. Box 170500**
> **Milwaukee, WI  53217-8041**
> **(toll-free) 1-800-918-9012**

You may also contact Lead Plaintiff's counsel:

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
Berman DeValerio Pease Tabacco Burt & Pucillo
425 California Street, Suite 2100
San Francisco, CA  94104
(415) 433-3200

## 3.    THE SETTLEMENT

Prior to entering into the Stipulation, Lead Plaintiff's Counsel conducted an investigation relating to the events and transactions alleged in the Complaint.  Plaintiff's Counsel analyzed evidence, documents and public filings of Micromuse, researched the applicable law with respect to the claims against Defendants and the potential defenses thereto, and conducted confirmatory discovery concerning the allegations in the Federal Class Action. Plaintiff, through its counsel, conducted arms'-length negotiations with Counsel for Defendants with the assistance of retired Judge Eugene Lynch, with respect to a compromise and settlement of the Federal Class Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interest of Micromuse and its shareholders.  The decision by Lead Plaintiff's and Defendants' Counsel to enter into the Settlement was made with knowledge of the facts and circumstances underlying Plaintiff's claims and the strengths and weaknesses of those claims.

Pursuant to the Settlement described herein, a Settlement Fund consisting of $2,625,000 in cash, has been established and deposited in an interest-bearing escrow account. Counsel for Lead Plaintiff has estimated that there were approximately 200,000,000 shares of Micromuse common stock traded during the Class Period that may have been damaged.  Based on this estimate of the number of shares that may be entitled to participate in the Settlement, the average recovery per allegedly damaged share of Micromuse common stock under the Settlement is $0.013 per share before deduction of Court-awarded attorneys' fees and expenses. An individual Class Member may receive more or less than this average amount.  The amount a Class Member receives depends on the number of claims submitted, when a Class Member purchased his, her, or its shares of Micromuse common stock, whether those shares were held at the end of the Class Period (January 18, 2001 through and including May 17, 2004) or sold

during the Class Period, and if sold, when they were sold. Counsel for Lead Plaintiff believes that the Settlement described herein confers very substantial and immediate benefits upon the Class. Lead Plaintiff's Counsel deem such Settlement to be fair, reasonable and adequate, and in the best interests of the Class.

Lead Plaintiff's Counsel intend to apply for fees of up to 20% of the Gross Settlement Fund in the approximate amount of $525,000, and for reimbursement of expenses in an amount not to exceed $90,000. The requested fees and expenses would amount to an average of $0.003 per damaged share of Micromuse common stock, in total for fees and expenses. Accordingly, the average recovery per allegedly damaged share of Micromuse common stock under the Settlement would be $0.01 per share after the deduction of Court-awarded attorneys' fees and reimbursement of expenses to the attorneys. This estimated average of $0.003 per damaged share does not include expenses that have been, or will be, incurred for the cost of notice, claims administration and tax expense associated with administering the Settlement Fund. Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this litigation. Lead Plaintiff's Counsel have worked wholly on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees and reimbursement of expenses.

## 4.  THE SETTLEMENT FAIRNESS HEARING

A hearing on the fairness of the Settlement will be held before the Honorable Bernard Zimmerman in the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, California at 1:30 p.m., on December 7, 2005 (the "Settlement Fairness Hearing"). The purpose of the Settlement Fairness Hearing will be to determine: (a) whether the Settlement of the Federal Class Action is fair, reasonable and adequate; (b) whether the Proposed Plan of Allocation of the Settlement should be approved; and (c) whether the application for attorneys' fees and reimbursement of expenses should be approved. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to the

Micromuse's shareholders. Further information concerning scheduling changes is available from the website listed above under the section entitled "Further Information."

## 5.     SUBMITTING A PROOF OF CLAIM

To qualify for a payment, you must send in a valid Proof of Claim form. You may obtain a Proof of Claim form online at www.micromuse.com, by clicking on "company" and then on "investor relations," or by typing www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100 in your web browser. You may also call (800) 918-9012 to request a Proof of Claim form. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than January 9, 2006.

## 6.     THE RIGHT TO OBJECT

You may object to the Settlement. To object, you must either appear in court at the Settlement Fairness Hearing on December 7, 2005 or you may send a signed letter as outlined below, stating that you object to the proposed settlement in *In re Micromuse Inc. Securities Litigation*, Case No. C-04-0136 BZ. Be sure to include your name, address, telephone number and your signature; provide proof of current ownership and the date(s) of purchase(s) of Micromuse stock in the form of broker's confirmation slips, statements of account or a notarized statement from the broker or other satisfactory proof of purchase or satisfactory explanation in Affidavit form as to why such proof is unavailable, and state the reasons why you object to the Federal Class Action Settlement. Your objection must be mailed to the Claims Administrator at the following address and postmarked on or before November 15, 2005: Claims Administrator, *In re Micromuse Inc., Securities Litigation*, c/o A.B. Data Ltd., P.O. Box 170500, Milwaukee, Wisconsin, 53217-8041.

## 7.     THE RIGHT TO REQUEST EXCLUSION

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants or to assert any Released Claims against any of the Released Persons on your own, then you must take steps to get out of the Class. This is called excluding yourself --- or is sometimes referred to as "opting out" of the Class. Defendants may withdraw

from and terminate the Settlement if in excess of a certain amount of claimants exclude themselves from the Class. To exclude yourself from the Settlement Class, you must send a letter by mail stating that you request exclusion from the Class in *In re Micromuse, Inc. Securities Litig.*, Case No. C-04-0136 BZ. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the *In re Micromuse, Inc. Securities Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of Micromuse common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated below, or the exclusion is otherwise accepted by the Court. A Class Member wishing to request exclusion shall mail the request in written form by first class mail postmarked no later than November 15, 2005 to: Claims Administrator, In re Micromuse Inc., Securities Litigation, c/o A.B. Data Ltd., P.O. Box 170500, Milwaukee, Wisconsin, 53217-8041.

Dated:

By Order of the Court
San Francisco, California
CLERK OF THE COURT

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MICROMUSE INC. SECURITIES<br>LITIGATION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>This document relates to ALL<br>ACTIONS. | Case No. C-04-0136 BZ<br><br>**NOTICE OF PROPOSED SETTLEMENT<br>OF CLASS ACTION, PENDENCY OF<br>CLASS ACTION, SETTLEMENT<br>FAIRNESS HEARING, RIGHT TO SHARE<br>IN SETTLEMENT FUND, AND HEARING<br>ON MOTION FOR ATTORNEYS' FEES<br>[LONG FORM]**<br><br>Date:   December 7, 2005<br>Time:  1:30 p.m.<br>Place:  15th Floor, Courtroom G<br>Magistrate Judge: Hon. Bernard Zimmerman |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, PENDENCY OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING, RIGHT TO SHARE IN SETTLEMENT FUND, AND HEARING ON MOTION FOR ATTORNEYS' FEES

**If you purchased the common stock of Micromuse Inc. ("Micromuse" or "the Company") during the time period from and including January 18, 2001 through and including May 17, 2004, you may be entitled to a payment from a Federal Class Action Settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The Settlement will provide a $2.625 million Settlement Fund for the benefit of investors who purchased Micromuse common stock during the period from and including January 18, 2001, through and including May 17, 2004 (the "Class Period").

- The Settlement resolves a lawsuit alleging that Micromuse and certain of Micromuse's officers and directors misled investors about Micromuse's financial condition and future earnings.

- For purposes of the Settlement described in this Notice, the Court has certified this Action to proceed as a class action.

- Your legal rights are affected whether you act, or do not act. Read this Notice carefully.

- The Court will hold a hearing on December 7, 2005, at 1:30 p.m., at the United States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, California 94102 to consider whether the Settlement of the Federal Class Action is fair, reasonable and adequate; whether the proposed Plan of Allocation should be approved; and whether an application for attorneys' fees and reimbursement of

1

expenses should be approved (the "Settlement Fairness Hearing"). You may visit the websites indicated below under the section entitled "Getting More Information" to find out the disposition of the Court concerning these matters following the hearing on December 7, 2005.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM YOURSELF** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be a part of any other lawsuit against Micromuse and/or the other Defendants or to assert any Released Claims against any of the Released Persons. |
| **OBJECT/GO TO HEARING** | Write to the Claims Administrator, or appear at the Hearing to tell the Court about why you do not like the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options — **and the deadlines to exercise them** — are explained in this Notice.

2

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Pursuant to the Settlement described herein, a Settlement Fund consisting of $2,625,000 in cash has been established and deposited in an interest-bearing escrow account. Counsel for Lead Plaintiff Massachusetts Laborers' Pension Fund ("Lead Plaintiff" or "Mass Laborers") has estimated that there were approximately 200,000,000 shares of Micromuse common stock traded during the Class Period that may have been damaged and that may be entitled to participate in the Settlement. Based on this estimate, the average recovery per allegedly damaged share of Micromuse common stock under the Settlement is $.013 per share before deduction of Court-awarded attorneys' fees and expenses. An individual Class Member may receive more or less than this average amount. The amount a Class Member receives depends on the number of claims submitted, when a Class Member purchased shares of Micromuse common stock, whether those shares were held at the end of the Class Period (January 18, 2001 through and including May 17, 2004) or sold during the Class Period, and if sold, when they were sold.

Concurrently with this Settlement, a Federal derivative lawsuit is being settled as well. The Federal Derivative Action, filed on March 4, 2004, alleges that the Individual Defendants, current or former officers and directors of Micromuse, owed a duty to Micromuse and its shareholders to be reasonably informed about the business and operations of the Company. Plaintiff in the Derivative Action further alleges that the Individual Defendants breached these duties by actively participating in, encouraging, sponsoring and/or approving of wrongful acts or omissions complained of in the Complaint, or purposely or recklessly disregarding those wrongful acts or omissions. Defendants, while continuing to deny all allegations of wrongdoing or liability, desire to settle and terminate the existing and potential claims against them, without in any way acknowledging any fault or liability. The Settlement of the Action is conditioned upon, among other things, an Order finally approving settlement of the Federal Derivative Action.

## STATEMENT OF POTENTIAL OUTCOME OF CASE

The parties in the class action disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to have prevailed on each claim alleged. The issues on which the parties disagree: (a) whether defendant Micromuse and individual defendants Gregory Q. Brown, Lloyd Carney, Stephen A. Allott, Michael L. Luetkemeyer, David A. Wise and Brendan Kelly (collectively, Brown, Carney, Allott, Luetkemeyer, Wise and Kelly are referred to herein as "Individual Defendants") made misrepresentations that included false or misleading statements of material fact or that omitted to state material facts necessary to make the statements made not misleading; (b) whether any statements allegedly made or facts allegedly omitted were material and otherwise actionable under the federal securities laws; (c) the appropriate economic model for determining the amount by which Micromuse common stock was allegedly artificially inflated (if at all) during the Class Period; (d) the amount by which Micromuse common stock was allegedly artificially inflated (if at all) during the Class Period; (e) the effect of various market forces influencing the trading price of Micromuse common stock at various times during the Class Period; (f) the extent to which external factors, such as general market and industry

3

conditions, influenced the trading price of Micromuse common stock at various times during the Class Period; (g) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Micromuse common stock at various times during the Class Period; and (h) the extent to which allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Micromuse common stock at various times during the Class Period.

## Statement of Attorneys' Fees and Costs Sought

Lead Plaintiff's Counsel intend to apply for fees of up 20% of the Gross Settlement Fund in the approximate amount of $525,000, and for reimbursement of expenses in an amount not to exceed $90,000. The requested fees and expenses would amount to an average of $0.003 per damaged share of Micromuse common stock, in total for fees and expenses. Accordingly, the average recovery per allegedly damaged share of Micromuse common stock under the Settlement would be $.01 per share after the deduction of Court-awarded attorneys' fees and reimbursement of expenses to the attorneys. This estimated average of $0.003 per damaged share does not include expenses that have been, or will be, incurred for the cost of notice, claims administration and tax expense associated with administering the Settlement Fund. Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation. Lead Plaintiff's Counsel have worked wholly on a contingent fee basis, and have advanced the expenses of the Litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of Litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees and reimbursement of expenses.

## Further Information

Further information regarding the Action and this Notice may be obtained by contacting the Claims Administrator: A.B. Data, Ltd., P.O. Box 170500, Milwaukee, Wisconsin, 53217, telephone: (800) 918-9012.

## Reasons for the Settlement

As discussed below, the principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the obstacles to recovery by the Class, especially given that the Supreme Court has issued a decision that may cast doubt upon Lead Plaintiff's ability to recover damages.

## [END OF COVER PAGE]

4

| WHAT THIS NOTICE CONTAINS |
|---|

## Table of Contents

BASIC INFORMATION ............................................................................................................7

    1.  Why did I get this Notice package? ........................................................7
    2.  What is this lawsuit about? ........................................................7
    3.  Why is this a class action? ........................................................7
    4.  Why is there a settlement? ........................................................7

WHO IS IN THE SETTLEMENT? ........................................................................................8

    5.  How do I know if I am part of the Settlement? ........................................................8
    6.  Are there exceptions to being included? ........................................................8
    7.  I am still not sure if I am included ........................................................8

THE SETTLEMENT BENEFITS---WHAT YOU GET ........................................................8

    8.  What does the Settlement provide? ........................................................8
    9.  How much will my payment be? ........................................................8

HOW YOU GET A PAYMENT---SUBMITTING A CLAIM FORM ................................8

    10.  How can I get a payment? ........................................................9
    11.  When would I get my payment? ........................................................9
    12.  What am I giving up to get a payment and stay in the Class? ................................9

EXCLUDING YOURSELF FROM THE SETTEMENT ....................................................11

    13.  How do I get out of the proposed Settlement? ........................................................11
    14.  If I do not exclude myself, can I sue Defendants or any of the Released Persons for the same thing later? ........................................................11
    15.  If I exclude myself, can I get money from the proposed Settlement? ....................12

THE LAWYERS REPRESENTING YOU ........................................................................12

    16.  Do I have a lawyer in this case? ........................................................12
    17.  How will the lawyers be paid? ........................................................12

OBJECTING TO THE SETTLEMENT ............................................................................12

    18.  How do I tell the Court that I do not like the proposed Settlement? ....................12
    19.  What is the difference between objecting and excluding? ......................................13

THE COURT'S FAIRNESS HEARING ............................................................................12

    20.  When and where will the Court decide whether to approve the proposed Settlement? ........................................................13
    21.  Do I have to come to the hearing? ........................................................13
    22.  May I speak at the hearing? ........................................................14

IF YOU DO NOTHING ....................................................................................................14

5

23.  What happens if I do nothing? ................................................................. 14

GETTING MORE INFORMATION ......................................................................... 14

24.  Are there more details about the proposed Settlement? ........................... 14
25.  How do I get more information? .............................................................. 14

PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND
AMONG CLASS MEMBERS ................................................................................ 14

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ...................... 17

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone else in your family may have purchased Micromuse common stock during the period from and including January 18, 2001 through and including May 17, 2004 .

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed Settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows to Class Members who submit acceptable Proof of Claim forms.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Micromuse, Inc. Securities Litigation*, Master File No. C-04-0136 BZ. This case is assigned to United States Magistrate Judge Bernard Zimmerman. The people who sued are called Plaintiffs, and the individuals and entities they sued (Micromuse, Inc., Gregory Q. Brown, Lloyd Carney, Stephen A. Allott, Michael L. Luetkemeyer, David A. Wise and Brendan Kelly) are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claims that Micromuse and certain of its officers and directors misled investors by artificially inflating the price of Micromuse common stock and "smoothing" earnings in order to meet Wall Street's earnings expectations for the Company. The term "smoothing" refers to the practice of making earnings appear level and not out of line with the earnings expectations of Wall Street. The Defendants deny any wrongdoing.

### 3. Why is this a class action?

The Court has certified this Action to proceed as a class action for the purposes of the Settlement. In a class action, one or more people called Class Representatives (in this case the Lead Plaintiff is the Massachusetts Laborers' Pension Fund) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the risks and cost of a trial, and the people allegedly affected will get compensation. The Class Representatives and the attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

---

### 5.  How do I know if I am part of the Settlement?

---

The Court directed that everyone who fits this description is a Class Member: *All persons who purchased the common stock of Micromuse, Inc. during the time period from and includingJanuary 18, 2001 through and including May 17, 2004.*

---

### 6.  Are there exceptions to being included?

---

Excluded from the Class are Defendants, any entities in which any defendant or Micromuse has or had a controlling interest, the past or present officers and directors of Micromuse, and members of the immediate families of such persons, any Individual Defendant's immediate family, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party.  Also excluded from the Class are those persons who request exclusion from the Class in response to the Notice of Proposed Settlement of Class Action sent to the Class.

If one of your mutual funds own shares of Micromuse common stock, that alone does not make you a Class Member.  You are a Class Member only if you purchased Micromuse common stock yourself.  Contract your broker to see if you purchased Micromuse common stock.

If you sold Micromuse common stock during the period from and including January 18, 2001 through and including May 17, 2004, that alone does not make you a Class Member.  You are a Class Member only if you purchased Micromuse common stock during and including the period January 18, 2001 through and including May 17, 2004.

---

### 7.  I am still not sure if I am included?

---

If you are still not sure whether you are included, you can ask for free help.  You can call the toll free telephone number (800) 918-9012 for more information.  Or you can fill out and return the claim form described on page 9 in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

---

### 8.  What does the Settlement provide?

---

Micromuse has agreed to create a $2.625 million fund for the benefit of all Class Members who send in valid Proof of Claim forms.

## 9. How much will my payment be?

Your share of the Fund will depend on the total amount of Recognized Losses represented by the valid Proof of Claim forms that Class Members send in, how many shares of Micromuse common stock you bought, and when and at what prices you bought and sold them. The proposed Plan of Allocation is set forth at the end of this Notice.

By following the instructions on page 9 of this Notice, you can calculate what is called your Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. See the instructions on page 9 for more information on your Recognized Loss.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

## 10. How can I get a payment?

To qualify for a payment, you must send in a valid Proof of Claim form. You may obtain a Proof of Claim form online at www.micromuse.com, by clicking on "company" and then on "investor relations," or by typing www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100 in your web browser. You may also call (800) 918-9012 to request a Proof of Claim form. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **January 9, 2006**.

## 11. When would I get my payment?

The Court will hold a hearing on December 7, 2005, to decide whether to approve the proposed Settlement. If the Court approves the Settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Even if there are no appeals, it will take a significant amount of time to process the Proof of Claim forms submitted by the Class Members. Please be patient.

## 12. What am I giving up to get a payment and stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that, if the Settlement is approved, you will release all "Released Claims" (as defined below) against the "Released persons" (as defined below).

**"Released Claims"** shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by

Lead Plaintiff or any Class Member against Defendants and Related Parties (collectively the "Released Persons" as defined in §1.26 in the Stipulation of Settlement discussed below) arising out of, based upon, or related in any way to the facts, transactions, events, matters, schemes, occurrences, acts, disclosures, statements, representations, omissions, or failure(s) to act alleged in the Action. The term "Released Claims" shall include any and all claims arising out of, relating to, or in connection with the Settlement of the Action.

**"Released Persons"** means each and all of the Defendants and their Related Parties.

**"Related Parties"** means Micromuse and each of Defendant's and Micromuse's past and present directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurer, reinsurers, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, joint ventures, assigns, spouses, heirs, any entity in which a Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family..

**"Unknown Claims"** means any Released Claims which Lead Plaintiff or any Class Member does not know or suspects to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Released Claims, Lead Plaintiff stipulates and agrees that Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

10

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants or to assert any Released Claims against any of the Released Persons on your own, then you must take steps to get out of the Class. This is called excluding yourself — or is sometimes referred to as "opting out" of the Class. Defendants may withdraw from and terminate the Settlement if in excess of a certain amount of claimants exclude themselves from the Class.

### 13. How do I get out of the proposed Settlement?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you request exclusion from the Class in *In re Micromuse, Inc. Securities Litig.*, Case No. C-04-0136 BZ. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the *In re Micromuse, Inc. Securities Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of Micromuse common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated below, or the exclusion is otherwise accepted by the Court. A Class Member wishing to request exclusion shall mail the request in written form by first class mail, postmarked no later than November 15, 2005 to: Claims Administrator, *In re Micromuse, Inc. Securities Litigation*, c/o A.B. Data, Ltd. P.O. Box 170500, Milwaukee, Wisconsin 53217, (800) 918-9012.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. Also, if you ask to be excluded, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Defendants in the future.

### 14. If I do not exclude myself, can I sue Defendants or any of the Released persons for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit or you are contemplating some other lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is November 15, 2005.

### 15. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But you may sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in this case?**

The Court ordered that the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo, in San Francisco, California will represent you and the other Class Members.

These lawyers are called Plaintiff's Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

Lead Plaintiffs' Counsel intend to apply for fees of up to twenty percent (20%) of the Gross Settlement Fund in the approximate amount of $525,000, and for reimbursement of expenses in an amount not to exceed $90,000. Lead Plaintiff's Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with the administration and distribution of the Settlement proceeds to the Members of the Class and any proceedings subsequent to the Settlement Fairness Hearing. The Lead Plaintiff will also seek to recover expenses it incurred in supervising the work of its attorneys.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the proposed Settlement or some part of it by following the procedure below.

**18. How do I tell the Court that I do not like the proposed Settlement?**

If you are a Class Member, you can object to the proposed Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must either appear in court at the Settlement Fairness Hearing on December 7, 2005 or you may send a signed letter as outlined below, stating that you object to the proposed settlement in In re Micromuse Inc. Securities Litigation, Case No. C-04-0136 BZ. Be sure to include your name, address, telephone number and your signature; provide proof of current ownership and the date(s) of purchase(s) of Micromuse stock in the form of broker's confirmation slips, statements of account or a notarized statement from the broker or other satisfactory proof of purchase or satisfactory explanation in Affidavit form as to why such proof is unavailable, and state the reasons why you object to the Federal Class Action Settlement. Your objection must be mailed to the Claims Administrator at the following address and postmarked on or before November 15, 2005: Claims Administrator, In re Micromuse Inc., Securities Litigation, c/o A.B. Data Ltd., P.O. Box 170500, Milwaukee, Wisconsin, 53217.

The Claims Administrator, in conjunction with Lead Counsel, will arrange to deliver to the Court all objections submitted to the Claims Administrator in advance of the Settlement Fairness Hearing.

Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing are encouraged to include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

### 19. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to. Further information concerning scheduling changes are available from the websites listed under Section 25.

### 20. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Fairness Hearing on December 7, 2005, at 1:30 p.m. at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, California 94102. At this hearing the Court will consider whether the proposed Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who ask to speak at the hearing. The Court will also consider written objections. After the hearing, the Court will decide whether to approve the Settlement, and, if the Settlement is approved, how much to pay to Plaintiffs' Counsel. We do not know how long these decisions will take.

### 21. Do I have to come to the hearing?

No. Lead Plaintiff's Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send a written objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 22. May I speak at the hearing?

Any Class Member who wishes to be heard at the hearing, regardless of whether he, she or it has

filed a written objection, will be given that opportunity.

## IF YOU DO NOTHING

### 23. What happens if I do nothing?

If you do nothing, you will get no money from this Settlement. But, if the Settlement is approved, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, be part of any other lawsuit or assert any Released Claims against any of the Released Persons ever again.

## GETTING MORE INFORMATION

### 24. Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated September 28, 2005 (the "Stipulation of Settlement"). You may obtain a copy of the Stipulation of Settlement by writing to Joseph J. Tabacco, Jr. or Christopher T. Heffelfinger at BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO, 425 California Street, Suite 2100, San Francisco, California 94104. You may also obtain more information concerning the matters involved in this Action from the sources identified in the next paragraph.

### 25. How do I get more information?

For even more detailed information concerning the matters involved in this Action, You may (1) call or write to the Claims Administrator toll-free at **(800) 918-9012**, or write to the Claims Administrator at *In re Micromuse, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, Wisconsin, 53217; (2) visit the Stanford Securities Class Action Clearinghouse website at http://securities.stanford.edu/1029/MUSEE-01/; (3) visit the "Pacer" website for the United States District Court for the Northern District of California, at https://ecf.cand.uscourts.gov/cand/index.html; (4) visit the Micromuse website at www.micromuse.com, and clicking on "company" and then on "investor relations," or by typing www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100 in your web browser; or (5) write to Joseph J. Tabacco, Jr. or Christopher T. Heffelfinger, at Berman DeValerio Pease Tabacco Burt & Pucillo, 425 California Street, Suite 2100, San Francisco, CA 94104.

Alternatively, reference is made to the pleadings, to the Stipulation of Settlement, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Clerk's Office of the United States District Court for the Northern District of California, United States Courthouse, 16th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, during regular business hours.

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $2,625,000 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to Members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula described below is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

 As discussed below, this Plan of Allocation takes into account differences in likelihood of recovery for Retention and In and Out Shares. Thus, your recovery is based on when during the Class Period you purchased and/or sold your Micromuse shares.

The Plan of Allocation provides that a Class Member is eligible to participate in the Net Settlement Fund only if that person has a Recognized Loss under this Plan of Allocation. Losses shall be calculated on the basis of losses incurred for each share held by a Claimant as follows: with respect to shares purchased in the Class Period, the Recognized Losses shall consist of the purchase price including commissions less the sale price including commissions if sold on or before May 17, 2004 or purchase price including commissions less $5.40 if held or sold after May 17, 2004. Purchases prior to the Class Period (and not sold before start of the Class Period) and purchases during the Class Period will be matched against sales during the Class Period on a chronological basis. All profits on transactions in Micromuse, Inc. common stock during the Class Period shall be subtracted from all losses to determine the net Claim of each Class Member. If the Class Member made a net profit, the value of his, her or its Claim shall be zero.

No payment will be made for any Micromuse shares that were purchased to cover short sales.

The Net Settlement Fund will be distributed on a *pro rata* basis based on the following formula:

| Claimant's Recognized Losses ------------------------------------- Total Class Recognized Losses | x | Net Settlement Fund | = | Payment to Claimant |
|---|---|---|---|---|

No payment will be made from the Net Settlement Fund on any claims where the potential distribution would be less than  a threshold amount the Court may later determine is too modest to justify the cost of mailing and processing such a check on a class-wide basis. Class Members shall be bound by the Final Judgment entered by the Court. Defendants and Defendants' Counsel take no position with respect to the Plan of Allocation and shall have no responsibility, obligation or liability to the Class for its provisions, terms or implementation. The Plan of

Allocation may be altered or amended by order of the Court for good cause shown. In the event that an appeal is taken or a motion is filed relating to the Court's approval of the proposed Settlement, or Plan of Allocation, no distribution will be made until such time as any motions or appeals are finally resolved so as to permit consummation of the Settlement in accordance with the Stipulation.

ANY CLASS MEMBER WHO FAILS TO SUBMIT A VALID AND TIMELY PROOF OF CLAIM AND RELEASE FORM WILL BE FOREVER BARRED FROM SHARING IN THE DISTRIBUTION OF THE PROCEEDS OF THE SETTLEMENT, BUT WILL NONETHELESS BE BOUND BY THE COURT'S JUDGMENT.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the Settlement and the Final Judgment of the Court dismissing this Action.

Checks will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If the funds remaining in the Settlement Fund following *pro rata* distribution(s) to all Authorized Claimants do not exceed $10,000, then such remaining funds, after payment of any further claims administration/tax expense, shall be contributed to the Boy's and Girl's Clubs of the Peninsula. If the funds remaining in the Settlement Fund exceed $10,000, then such remaining funds, after payment of any further claims administration/tax expense including any projected claims administration/tax expense, shall be distributed to all Authorized Claimants on a *pro rata* basis, but excluding any Authorized Claimant whose Recognized Loss is below a dollar threshold that Plaintiff's Lead Counsel determines at such time, in consultation with the Claims Administrator, would not allow for a final efficient distribution of the remaining funds in the Settlement Fund.

## SPECIAL NOTICE TO
## SECURITIES BROKERS AND OTHER NOMINEES

If you purchased the common stock of Micromuse, Inc. during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, within ten (10) days of your receipt of this Notice, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Claims Administrator
*In re Micromuse , Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, Wisconsin 53217
(800) 918-9012

Dated: _____, 2005
San Francisco, California

By Order of the Court
CLERK OF THE COURT

17

**EXHIBIT 3**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                          )        Master File No. C-04-0136 BZ
                                                )
MICROMUSE INC. SECURITIES                       )
LITIGATION                                      )
                                                )
                                                )
This document relates to                        )
ALL ACTIONS.                                    )
                                                )

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: January 9, 2006.

IF YOU PURCHASED THE COMMON STOCK OF MICROMUSE INC. ("MICROMUSE" OR "THE COMPANY") DURING THE TIME PERIOD FROM AND INCLUDING JANUARY 18, 2001 THROUGH AND INCLUDING MAY 17, 2004 ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS, FORMER OFFICERS AND DIRECTORS OF MICROMUSE, MEMBERS OF THEIR IMMEDIATE FAMILIES, MICROMUSE, ANY ENTITY IN WHICH MICROMUSE HAS OR HAD A CONTROLLING INTEREST, AND THE LEGAL AFFILIATES, REPRESENTATIVES, HEIRS, CONTROLLING PERSONS, SUCCESSORS, AND PREDECESSORS IN INTEREST OR ASSIGNS OF ANY SUCH EXCLUDED PARTY. ALSO EXCLUDED FROM THE CLASS ARE THOSE PERSONS WHO REQUEST EXCLUSION FROM THE CLASS IN RESPONSE TO THE NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION SENT TO THE CLASS)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN JANUARY 9, 2006 TO THE FOLLOWING ADDRESS:

> Claims Administrator
> *In re Micromuse Inc. Securities Litigation*
> c/o AB Data, Ltd.
> P.O. Box 170500
> Milwaukee, WI 53217-8041
> 1 (800) 918-9012.

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JANUARY 9, 2006 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

1.      I purchased the common stock of Micromuse during the time period from and including January 18, 2001 through and including May 17, 2004. (Do not submit this Proof of Claim if you did not purchase Micromuse common stock during this period).

2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in either the Long or Short Form of Notice of Proposed Settlement of Class Action, Pendency of Class Action, Fairness Hearing, Right to Share in Settlement Fund, and Hearing on Motion for Attorneys' Fees (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee, or other

representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.    I have set forth where requested below all relevant information with respect to each purchase of Micromuse common stock during the Class Period and each sale, if any, of such securities.

4.    I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of Micromuse common stock listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

5.    I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

6.    Statement of Claim

Name(s) of Beneficial Owner(s):

Name

Name

Street No.

City                    State          Zip Code

( )  _____        ( )  _____
Telephone No. (Day)        Telephone No. (Night)


_____
Employer I.D. No. or Social Security No.

Check one:

___ Individual                    ___ IRA Account

___ Estate                        ___ Trustee/Custodian

___ Corporation      ____ Other _____(specify)


_____
Joint Owner's Name (if any)

7.     At the close of business on May 17, 2004, I owned _____ shares of Micromuse common stock.

8.     I made the following purchases of Micromuse common stock during the time period from and including January 18, 2001 through and including May 17, 2004. (Persons who received Micromuse common stock during the Class Period other than by purchase are not eligible to submit claims for those transactions.)

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $ _____ | $ _____ |
| ____/____/_____ | _____ | $ _____ | $ _____ |
| ____/____/_____ | _____ | $ _____ | $ _____ |
| ____/____/_____ | _____ | $ _____ | $ _____ |

9.     I made the following sales of Micromuse common stock during the time period from and including January 18, 2001 through and including May 17, 2004 inclusive:

| Date(s) of Sale | Number of Shares of | Sale Price Per Share | Amount Received |
|---|---|---|---|

| (List Chronologically) (Month/Day/Year) | Common Stock Sold | of Common Stock | (including commissions, taxes, and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $ _____ | $ _____ |
| ____/____/_____ | _____ | $ _____ | $ _____ |
| ____/____/_____ | _____ | $ _____ | $ _____ |
| ____/____/_____ | _____ | $ _____ | $ _____ |

10. Number of shares of Micromuse common stock I owned at the close of business on May 17, 2004:

11. Substitute Form W-9

Request for Taxpayer Identification Number (TIN):

Enter Taxpayer Identification Number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number ("SSN"). The Internal Revenue Service ("IRS.") requires such Taxpayer Identification Number. If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Employer Identification Number
(for estates, trusts, corporations, etc.)

## SUBMISSION TO JURISDICTION OF COURT AND
## ACKNOWLEDGEMENTS

I submit this Proof of Claim Form and Release form under the terms of the Stipulation described in the Notice. I submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Class Action. I agree to furnish additional information to the Claims

Administrator to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Micromuse common stock during the Class Period and know of no other Person having done so on my behalf.

## RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims (as that term is defined in the Long Form of Notice) each and all of the Defendants and each and all of the Related Parties. Both the Notice together with a claim form and an explanation of the full scope of the release given to Defendants as part of this Settlement are published on Micromuse's webpage at www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100, or go to www.micromuse.com, click on "company" and then on "investor relations."

2. I (We) agree to be bound by all prior court rulings in the Class Action, and agree to be bound by all actions taken by Lead Plaintiff and its counsel.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Micromuse common stock and the number of shares of Micromuse common stock held by me (us) at the close of trading on January 17, 2001 and May 17, 2004.

5. I (We) hereby warrant that (check one):

☐ I am (We are) not subject to backup withholding under the provisions of § 3406(a)(1)(c) of the Internal Revenue Code, or

☐ I am (We are) subject to backup withholding under the above provisions.

NOTE: If you have been notified by the IRS that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written letter or email acknowledgment of receipt and acceptance of electronically submitted data.

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN **JANUARY 9, 2006,** AND MUST BE MAILED TO:

> Claims Administrator
> *In re Micromuse Inc. Securities Litigation*
> c/o AB Data, Ltd.
> P.O. Box 170500
> Milwaukee, WI 53217-8041
> 1 (800) 918-9012.

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by January 9, 2006, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

If you wish to be assured that your Proof of Claim is actually received by the Claims Administrator, then you should send it by Certified Mail, Return Receipt Requested. No acknowledgment will be made as to the receipt of claim forms. You should keep a copy of the completed claim form for your records. You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement Fund. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**EXHIBIT 4**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MICROMUSE INC. SECURITIES LITIGATION<br><br><br><br>This document relates to<br><br>ALL ACTIONS. | Case No. C-04-0136 BZ<br><br>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, PENDENCY OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING, RIGHT TO SHARE IN SETTLEMENT FUND, AND HEARING ON MOTION FOR ATTORNEYS' FEES**<br><br>Date:  December 7, 2005<br>Time:  1:30 p.m.<br>Place:  15th Floor, Courtroom G<br>Magistrate Judge: Hon. Bernard Zimmerman |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, PENDENCY OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING, RIGHT TO SHARE IN SETTLEMENT FUND, AND HEARING ON MOTION FOR ATTORNEYS' FEES

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF MICROMUSE, INC. DURING THE TIME PERIOD FROM AND INCLUDING JANUARY 18, 2001 THROUGH AND INCLUDING MAY 17, 2004 (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held before the Honorable Bernard Zimmerman, United States Magistrate Judge, 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, California 94102, at 1:30 p.m. on December 7, 2005 (the "Settlement Fairness Hearing") for the purposes of (1) determining whether the proposed Settlement of the claims against Defendants in the above-captioned Class Action for the sum of $2.625 million should be approved by the Court as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23, and therefore this Class Action should be dismissed with prejudice; (2) determining whether the proposed Plan of Allocation of the Settlement should be approved; and (3) considering the application of  Lead Plaintiff's Counsel for

attorneys' fees and reimbursement of expenses.

Lead Plaintiff, the Massachusetts Laborers' Pension Fund ("Lead Plaintiff") alleged that defendants Micromuse and individual defendants (collectively "Defendants") issued materially false and misleading financial statements that artificially inflated the value of Micromuse stock throughout the Class Period by misstating earnings in order to meet Wall Street expectations.

IF YOU PURCHASED THE COMMON STOCK OF MICROMUSE, INC. DURING THE PERIOD FROM AND INCLUDING JANUARY 18, 2001 THROUGH AND INCLUDING MAY 17, 2004, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. You may obtain a more detailed version of this notice, including a claims form and an explanation of the full scope of the release given to defendants as part of this settlement, by visiting Micromuse's webpage at www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100, or by going directly to www.micromuse.com, clicking on "company" and then clicking on "investor relations." You may also obtain this information and make other inquiries by contacting the Claims Administrator at:

Claims Administrator
*In re Micromuse Securities Litigation, Inc.*
c/o A.B. Data, Inc.., P.O. Box 170500
Milwaukee, Wisconsin 53217-8041
Telephone: 1 (800) 918-9012

To participate in the Settlement, you must submit to the Claims Administrator a Proof of Claim and Release form postmarked no later than January 9, 2006. If you are a Class Member and do not submit a proper Proof of Claim and Release form, you will not share in the Settlement, but you will nevertheless still be bound by the Final Judgment and Order of Dismissal of the Court. To exclude yourself from the Class and the Settlement, you must send a written request for exclusion to the Claims Administrator at the address stated above, that is postmarked on or before November 15, 2005. If you are a Class Member and do not exclude yourself from the Class and the Settlement, you will be bound by the Final Judgment and

Order of Dismissal of the Court.  Any objection to the settlement must be made by appearing before the Court, by counsel or in person, or by sending a written objection to the Claims Administrator at the address stated above, that is postmarked on or before November 15, 2005. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

Inquiries, other than requests for Notices and Proofs of Claim and Release forms, may also be made by writing to Lead Plaintiff's Counsel:

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
Berman DeValerio Pease Tabacco Burt & Pucillo
425 California Street, Suite 2025
San Francisco, California 94104
Plaintiffs' Lead Counsel

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated:

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA