Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
Julie J. Bai (227047)
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Norman Berman (Pro Hac Vice)
Leslie R. Stern (Pro Hac Vice)
Julie A. Richmond
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

Counsel for Lead Plaintiff
Massachusetts Laborers' Pension Fund

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MICROMUSE, INC., SECURITIES LITIGATION<br><br>This Document Relates To All Actions | Master File No. C-04-0136 BZ<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL<br><br>Date: December 7, 2005<br>Time: 1:30 p.m.<br>Place: 15th Floor, Courtroom G<br>(Hon. Bernard Zimmerman) |

This matter is before the Court on the motion for final approval of the Stipulation of Settlement dated September 28, 2005 ("the Stipulation") between Class Members and Defendants. This Final Judgment hereby incorporates the definitions from the Stipulation.

By its Order Preliminarily Approving Settlement and Providing for Notice dated October 3, 2005 ("Notice Order") this Court granted preliminary approval of the Stipulation and Settlement. The Court also ordered that the Short Form of the Notice of Proposed Settlement of Class Action, Pendency of Class Action, Settlement Fairness Hearing, Right to Share in Settlement Fund, and Hearing on Motion For Attorneys' Fees ("Short Form of

Notice") be mailed directly to all ascertainable potential Class Members and that the Long Form of the Notice of Proposed Settlement of Class Action, Pendency of Class Action, Settlement Fairness Hearing, Right to Share in Settlement Fund, and Hearing on Motion For Attorneys' Fees ("Long Form of Notice") be posted on the website of Micromuse, Inc. ("Micromuse") website, and that the Summary Notice of Proposed Settlement of Class Action, Pendency of Class Action, Settlement Fairness Hearing, Right to Share in Settlement Fund, and Hearing on Motion For Attorneys' Fees ("Summary Notice") be published.

In compliance with the Notice Order, the Short Form of Notice was mailed to shareholders of record and nominees. The Summary Notice was published in the Investors' Business Daily.

On December 7, 2005, this Court presided over the final approval hearing, during which the parties appeared, represented by their respective attorneys of record. An opportunity to be heard was given to all parties so requesting. The Court has reviewed and considered all pleadings and documents filed in connection therewith, and all presentations and evidence submitted at the hearing regarding the Settlement.

The entire matter of the proposed Settlement having been duly noticed, and having been fully considered by the Court,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the claims of the Class Members asserted in these proceedings, personal jurisdiction over the Settling Parties (including the Class Members), and subject matter jurisdiction to approve the Stipulation of Settlement.

2. The "Class" means persons or entities who purchased the common stock of Micromuse during the time period from and including January 18, 2001, through and including May 17, 2004, excluding Defendants, former officers and directors of Micromuse, members of their immediate families, Micromuse, any entity in which Micromuse has or had a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. Also excluded from the Class are those persons who have submitted valid and timely requests seeking

exclusion from the Class.

3. Notice given to the members of the Class was (a) reasonably calculated under the circumstances to apprise Class Members of the pendency of the class action, all material elements of the proposed Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the December 7, 2005 hearing; (b) the best notice practicable under the circumstances; (c) due, adequate, and sufficient notice to all class members; and (d) complied fully with Federal Rule of Civil Procedure 23(c)(2) and due process. A full opportunity has been afforded to the Class Members to participate in this hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members are bound by this Final Judgment.

4. Those persons or entities eligible for membership in the Class who timely submitted valid requests for exclusion from the Class are identified on Exhibit 1. Those persons or entities are not bound by this Final Judgment.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval to the Stipulation of Settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. The Settling Parties are ordered to consummate the Stipulation in accordance with the terms of the Stipulation.

6. Neither this Final Judgment nor the Stipulation shall constitute an admission by the Defendants of any liability or wrongdoing whatsoever.

7. This Class Action is dismissed with prejudice as to Lead Plaintiff and the other members of the Class, with each party bearing its own costs except such costs and expenses awarded by the Court from the Settlement Fund.

8. Upon the Effective Date hereof, the Lead Plaintiff has, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. All Class Members are hereby forever barred and enjoined from prosecuting

[C-04-0136 BZ ] FINAL JUDGMENT AND ORDER OF DISMISSAL    3

any of the Released Claims against any of the Released Persons.

10. Any order entered regarding the Plan of Allocation submitted by Lead Plaintiff's Counsel or any order entered regarding the attorneys' fees and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or other Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants have denied and continue to deny each and all the claims alleged in the Action. Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13. The Court ~~finds that~~ is unaware, during the course of the litigation, of any violation by the litigants and their respective counsel ~~at all times complied with requirements~~ of Federal Rules of Civil Procedure 11.

14. Without affecting the finality of this Judgment in any way, this Court reserves

[C-04-0136 BZ ] FINAL JUDGMENT AND ORDER OF DISMISSAL                                    4

exclusive and continuing jurisdiction over the Action, the Class Members, and Defendants for the purposes of, among other things, (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation of Settlement, the Notice Order, and the Final Judgment; (b) hearing and determining any application by Class Counsel for an award of attorneys' fees, costs, and expenses; (c) hearing and determining whether the proposed Plan of Allocation is fair, reasonable, and adequate to the Class Members pursuant to Rule 23; (d) supervising the administration and distribution of the Settlement Fund; and (e) enforcing the Final Judgment.

15. This Court directs entry of judgment as a Final Judgment.

Dated: 7 Dec 05

*[signature]*

THE HONORABLE BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

Jerry Burcham
8332 CH & D Road
Jackson, Ohio 45640

John E. Muus
310 Morrow Road
Englewood, New Jersey 07631

Paul H. Denke
Beryl A. Denke
1800 Via Estudillo
Palos Verdes Estates, California 90274

Yonique M. Portsmouth
1031 Horatio Avenue
Corona, California 92882

Harold E. Pennington, Jr.
Janet Pennington
2110 Pleasant Dale Drive
Charlotte, North Carolina 28214

Audrey A. Leonard
6014 57th Avenue S.E.
Lacey, Washington 98513-6456

Jerry B. Sled
24651 N. 49th Avenue
Glendale, Arizona 85310-3035